OPINION
{¶ 1} Defendant-appellant Michael Rickey, II, appeals his sentence entered by the Tuscuarawas County Court of Common Pleas, on one count of attempted rape, which the trial court ordered be served consecutively to a sentence on an unrelated case. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On May 23, 2005, appellant entered a plea of guilty to one count of attempted rape, a felony of the second degree, in violation of R.C. 2907.02 and R.C. 2923.02. The trial court conducted a sentencing hearing on June 9, 2005. After hearing arguments from defense counsel and the State, the trial court sentenced appellant to a three year period of incarceration. The trial court ordered the sentence be served consecutively to a seven year term previously imposed on an unrelated offense from Coshocton County, for an aggregate total of ten years. The trial court memorialized appellant's sentence via Judgment Entry on Sentence filed June 13, 2005.
 {¶ 3} Appellant raises as error:
 {¶ 4} "I. THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW."
 I {¶ 5} Herein, appellant challenges the trial court's imposition of consecutive sentences. Specifically, appellant asserts the trial court failed to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 6} Recently, in State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 856, the Ohio Supreme Court found R.C. 2929.14
(E)(4), which governs the imposition of consecutive sentences, violates the principles announced by the United States Supreme Court in Blakely v. Washington (2004), 542 US 296,124 S.Ct. 2531, 159 L.Ed.2nd 403; therefore, is unconstitutional. Based upon Foster, we find appellant's sentence is deemed void. Accordingly, we vacate the sentence and remand the matter to the trial court for a new sentencing hearing in accordance withFoster.
 {¶ 7} The sentence of the Tuscarawas County Court of Common Pleas is vacated and the matter remanded for resentencing.
Hoffman, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is vacated and the matter remanded for a new sentencing hearing. Costs are assessed to the State.
[1] A statement of the underlying facts is not necessary to our disposition of this appeal.